# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

**COURT FILE NO.: _____**

Paul Kofoid,
    Plaintiff

v.

Resurgent Capital Services L.P. and
LVNV Funding, LLC,
    Defendants

_____

## COMPLAINT AND JURY DEMAND
_____

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendants' transact business in this district.

## PARTIES

4. Plaintiff, Paul Kofoid ("Plaintiff"), is a natural person who at all relevant

times resided in the State of Colorado, County of Broomfield, and City of Broomfield.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Resurgent Capital Services L.P. ("RCS") is an entity which all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. RCS is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8. Defendant, LVNV Funding, LLC, ("LVNV") is an entity who acquires debt in default merely for collection purposes, and who at all relevant times was engaged in the business of attempting to collect a debt from Plaintiff.

9. LVNV is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

10. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than RCS.

11. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than RCS, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

12. Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than RCS.

13. RCS uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be

owed or due another.

14.   LVNV purchases debts once owed or once due, or asserted to be once owed or once due a creditor.

15.   LVNV acquired Plaintiff's debt once owed or once due, or asserted to be once owed or once due a creditor, when the debt was in default.

16.   LVNV is thoroughly enmeshed in the debt collection business, and LVNV is a significant participant in RCS' debt collection process.

17.   In connection with the collection of an alleged debt, Defendant RCS, itself and on behalf of Defendant LVNV, sent Plaintiff initial written communication dated February 21, 2011, in which Defendant RCS represented to Plaintiff that it was "currently investigating [Plaintiff's] claim, when, upon information and good-faith belief, no such investigation had taken place.  (15 U.S.C. § 1692e(2)(A), 1692e(10)).

18.   In connection with the collection of an alleged debt, Defendant RCS, itself and on behalf of Defendant LVNV, sent Plaintiff written communication dated February 22, 2011, in which Defendant RCS represented to Plaintiff that it "[had] been unable to contact [Plaintiff] with regard to this account."  Said statement was made one day after the date of Defendant's initial written communication to Plaintiff, which had yet to be received by Plaintiff, and no such other attempts to contact Plaintiff had been made.  (15 U.S.C.§ 1692e(10)).

19.   In connection with the collection of an alleged debt, Defendant RCS, itself and on behalf of Defendant LVNV, sent Plaintiff written communication dated February 22, 2011, in which Defendant stated that if it was "unable to establish contact with

[Plaintiff] within 21 days of the date of this letter, active collection efforts will resume on [the] account." Defendant's pronounced deadline for Plaintiff to make contact with Defendant fell inside the initial thirty (30) day dispute period, and overshadowed and obscured the notices required pursuant to 15 U.S.C. § 1692g(a) et seq., which were not provided to Plaintiff until two days later, in a letter dated February 24, 2011. (15 U.S.C. § 1692g(b)).

20. Defendant RCS, itself and on behalf of Defendant LVNV represented that Plaintiff owed, and demanded payment for, an alleged debt that was owed in no part by Plaintiff. (15 U.S.C. §§ 1692e(2)(A), 1692e(10)).

21. Defendants' actions constitute conduct highly offensive to a reasonable person.

### COUNT I—VIOLATIONS OF THE FDCPA
### DEFENDANT RCS

22. Plaintiff repeats and re-alleges each and every allegation above.

23. Defendant RCS violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that RCS violated the FDCPA;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II—VIOLATIONS OF THE FDCPA
## DEFENDANT LVNV

24. Plaintiff repeats and re-alleges each and every allegation above.

25. Defendant LVNV violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that LVNV violated the FDCPA;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

Plaintiff is entitled to and hereby demands a trial by jury.

**Respectfully submitted,**

**June 17, 2011**                **/s/ Craig J. Ehrlich**
                                 **Craig J. Ehrlich**
                                 **Weisberg & Meyers LLC**
                                 **5025 N. Central Ave., #602**
                                 **Phoenix, AZ 85012**
                                 **Telephone: (602) 445 9819**
                                 **Facsimile: (866) 565 1327**
                                 **Email: CEhrlich@AttorneysForConsumers.com**